### SCHWARTZ v. STATE BANK.

#### (Supreme Court, Appellate Term. May 7, 1909.)

BANKS AND BANKING (§ 121*)—DEPOSITS—MISTAKE IN CREDITING—LIABILITY OF BANK.

> Where a deposit slip containing a memorandum of checks constituting a deposit was made out erroneously in the name of a person other than the depositor, but the bank's receiving teller credited the deposit in the bank book, the bank was liable to the depositor in an action on a contract evidenced by the depositor's bank book, though by reason of the mistake in the name on the deposit slip the bank had credited the deposit in its books to the person whose name appeared on such deposit slip.
>
> [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 121.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Benjamin Schwartz, doing business under the name of Kramer & Co. against the State Bank. From a judgment for defendant, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Jacob S. Strahl, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. The plaintiff sued to recover the amount of a deposit of $221.30. The bank admitted that the deposit was made and credited in the plaintiff's bank book. It seems that the deposit slip, however, containing a memorandum of the eight checks which constituted the deposit, was made out erroneously in the name of one Hamerman, and that for that reason Hamerman received credit on the books of the bank for that amount. The receiving teller testified that he looked neither at the checks presented nor their indorsements, but simply added up the amounts of the checks on the deposit slip and credited the same on a bank book which was handed to him at the same time, without looking at the name on the bank book. If this is true, it was certainly careless and irresponsible banking. The deposit slip is made out for the convenience of the bank, and not the depositor.

Admitting that the depositor made a mistake on the slip, which the record does not explain, it is not the less true that the bank gave him credit on his passbook for the amount of the deposit slip. Unques-

---

tionably the greater error and the worse mistake was with the bank. If a depositor can come in with a deposit slip inadvertently made out, and this one was on a printed form which had the name of the alleged depositor printed on it, and give to the bank eight checks made out to his order and indorsed to the bank, and then the receiving teller can simply add up the totals of the checks to see if they conform with the totals of the deposit slip, and enter the same on any bank book which is pushed through the window at the same time, without looking to see who owns the bank book, and hold that forever afterward the deposit slip is the only record to bind the bank, the quicker such a system is ended the better. The receiving teller was undoubtedly extremely careless, and his mistake was greater than the inadvertence of the use of a deposit slip, which was not correct. It may be said that the plaintiff must have recourse to a court of equity. The answer is that he is suing on the contract evidenced by the receipt of his deposit in his bank book. It is the bank that is asserting an equitable defense, based as much upon its own mistake as upon the plaintiff's.

The judgment must be reversed, and judgment ordered for plaintiff, with costs of this appeal.